Steve GARVEY, Petitioner–Appellant,

v.

## MAJOR LEAGUE BASEBALL PLAYERS ASSOCIATION, Respondent–Appellee.

No. 02–55285.

D.C. Nos. CV–97–5643–WJR CV–99–11774–WJR.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2002 *.

Decided Aug. 28, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before REINHARDT and HAWKINS, Circuit Judges, and WHYTE,** District Judge.

MEMORANDUM ***

Former professional baseball player Steve Garvey ("Garvey") appeals the district court's final order dated January 31, 2002 denying his motion to vacate the arbitration awards which rejected his claim for recovery from Major League Baseball's Collusion Fund and dismissing his claims with prejudice.

** Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

On July 11, 2001 we remanded this case to the district court for further proceedings consistent with the decision of the United States Supreme Court in *Major League Baseball Players Association v. Steve Garvey*, 532 U.S. 504, 121 S.Ct. 1724, 149 L.Ed.2d 740 (2001). *Garvey v. Roberts*, 255 F.3d 1153 (9th Cir.2001). The district court then denied Garvey's motion to vacate the arbitration awards and entered judgment against Garvey. Garvey now appeals arguing that the district erred in denying his motion to vacate the arbitrator's awards and not remanding the case to the arbitrator for further arbitration.

The district court's denial of Garvey's motion was mandated by the Supreme Court's opinion. On May 14, 2001 the Supreme Court held that we had erred in reversing the arbitration awards which the district had confirmed. "[T]he Court of Appeals erred in reversing the order of the District Court denying the motion to vacate the arbitrator's award .... the case is remanded for further proceedings consistent with this opinion." 121 S.Ct. at 1729. Pursuant to the direction of the Supreme Court, we then remanded the case to the district court to take the action required by the Supreme Court. 255 F.3d 1153. Since the Supreme Court determined that we "erred in reversing the order of the District Court denying the motion to vacate the arbitrator's award," the district court had no choice but to do again what it had originally done, that is, to deny the motion to vacate. The Supreme Court's opinion cannot be read to require the case to be submitted again to arbitration. Such a reading would negate the effect of the Court's opinion holding that we erred in

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

previously vacating the award. Therefore, the order of the district court denying Garvey's motion to vacate, entering judgment in favor of respondent, the Major League Baseball Players Association, and dismissing Garvey's claims with prejudice is AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.